**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                          NO. 4:09CR00210 JLH

BRADLEY CLAYTON WALKER                                       DEFENDANT

**OPINION AND ORDER**

Pursuant to a written plea agreement, Bradley Clayton Walker pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). The plea agreement stipulated to a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because Walker committed the offense subsequent to sustaining a felony conviction for a crime of violence, i.e., residential burglary. The plea agreement also stipulated to an upward adjustment of 4 levels pursuant to U.S.S.G. § 2K2.1(b)(6) because Walker possessed a firearm in connection with another felony offense. After a three-level reduction for acceptance of responsibility, the final offense level was 21. Walker's criminal history placed him in a criminal history category of V. The guideline imprisonment range was from 70 to 87 months. On November 9, 2010, the Court sentenced Walker to 70 months imprisonment.

On October 11, 2012,[1] Walker filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion asserts two grounds for relief. First, Walker alleges that his lawyer, Latrece Gray, was ineffective because she did not file a notice of appeal. Secondly, he contends that the offense level for his conviction was improperly enhanced based upon prior convictions without the government presenting proof pursuant to *Shepard v. United States*, 544 U.S.

---

[1] This is the date on which Walker signed his motion. the Court will assume that he placed it in the prison mailbox that same day.

13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005). In response, the government contends that Walker's petition is untimely and that it is without merit.

Because Walker's criminal judgment was entered on November 9, 2010, and he did not file a direct appeal, his conviction became final on November 23, 2010, when the fourteen-day period for filing a notice of appeal expired. Fed. R. App. 4(b)(1)(A), 26(a)(2); *Murray v. United States*, 313 Fed. Appx. 924 (8th Cir. 2009). Under 28 U.S.C. § 2255(f)(1), a motion to vacate a sentence must be filed within one year from the date the conviction becomes final. This one-year period can be equitably tolled in limited conditions when extraordinary circumstances beyond a prisoner's control prevent the timely filing. *Id*. Equitable tolling is not available if the moving party has not diligently pursued his rights. *Id*. Here, even assuming that Walker asked Gray to file an appeal, he did not exercise diligence in discovering that no appeal had been filed. *Id*. Thus, his motion is untimely.

Moreover, Walker's motion is without merit.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689, 104 S. Ct. at 2065. Because of the distorting effects of hindsight and the difficulty of viewing counsel's representation of the client from the perspective available to defense counsel at the time of trial, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Proving that the deficient performance prejudiced the

2

defense requires showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The *Strickland* two-part standard also applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). A lawyer's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of section 2255. *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). A showing of actual prejudice is not necessary. *Id*. Nevertheless, the petitioner must show that he made his desire to appeal evident to his attorney, and a bare assertion by the petitioner that he made the request is not by itself sufficient evidence if the factfinder finds more credible evidence that indicates to the contrary. *Id*.

The Court conducted a hearing on Walker's section 2255 motion. During that hearing, Walker testified that while a victim was making an oral impact statement during the sentencing hearing he told Gray that certain of the victim's statements were untrue and that he wished to appeal. Walker was unable to testify unequivocally that he asked Gray to file a notice of appeal on his behalf after the sentencing hearing had been concluded. Gray testified that Walker did not ask her to appeal. She also testified that immediately after the hearing she explained to Walker that he did not have any appealable issues and that because the Court had sentenced him to the low end of the guideline range he could not expect to obtain any relief on appeal. She then wrote him a letter on that same day sending him a copy of the judgment and confirming their conversation after the sentencing hearing in which it was agreed that she would not file a notice of appeal.

Considering all of the evidence, the Court finds that Walker did not request Gray to file a

notice of appeal. Gray's testimony on this issue is clear and unequivocal, whereas Walker's is equivocal. Moreover, the fact that Gray wrote Walker a letter on the date of the sentencing confirming that she would not file a notice of appeal weighs heavily in support of the conclusion that Gray's testimony is accurate.

Walker's first claim for relief fails.

As to Walker's second argument, he stipulated in his plea agreement to a base offense level of 20 and an enhancement of four levels because the firearm was used in connection with another felony offense. The presentence report followed the plea agreement stating that the base offense level was 20, and the offense level was enhanced to 24 because Walker used the firearm in connection with another felony offense. Walker did not object to the presentence report. When the defendant admits the facts surrounding a prior conviction by failing to object to them, a district court may consider those facts without conducting the analysis otherwise required by *Shepard v. United States*. *See United States v. Hunter*, 505 F.3d 829, 831 (8th Cir. 2007). Furthermore, at the section 2255 hearing, the government introduced certified copies of the documents supporting the increase of the base offense level from 14 to 20. Thus, Walker was not prejudiced by the failure of the Court to conduct a *Shepard* analysis.

For the reasons stated, Bradley Clayton Walker's section 2255 motion is DENIED. Document #39. Because Walker has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability will issue.

IT IS SO ORDERED this 25th day of July, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE